UNITED STATES of America, Plaintiff,

v.

**$57,303.00 IN UNITED STATES CURRENCY, Defendant.**

No. 90–3105.

United States District Court,
C.D. Illinois,
Springfield Division.

May 16, 1990.

Estaban F. Sanchez, Asst. U.S. Atty., Springfield, Ill., for plaintiff.

OPINION

RICHARD MILLS, District Judge:

Civil forfeiture.

*Not* criminal.

Pursuant to 21 U.S.C. § 881(a)(6), the United States has filed an *ex parte* Application for an order disclosing certain tax information pertaining to an individual not named in this suit.

We simply lack any statutory authority upon which to enter such an order in these circumstances, and in fact the only statutory authority known to this Court prohibits any such order.

The Government's motion is therefore denied.

This suit is premised upon the allegation that the *in rem* Defendant is currency furnished or intended to be furnished in exchange for a controlled substance, or is traceable to such an exchange; if this is true, the *in rem* Defendant is subject to forfeiture by virtue of 21 U.S.C. § 881(a)(6). To date, no person has filed any claim purporting to a lawful interest in the *in rem* Defendant.

In conjunction with this suit, the United States has filed an Application for an *ex parte* order directing the Internal Revenue Service to disclose certain tax return information pertaining to an individual factually tied to this civil action. Presumably, the information may assist the United States in proving that the *in rem* Defendant was furnished or intended to be furnished in exchange for a controlled substance, or is traceable to such an exchange.

The sole authority cited by the United States in support of its Application is 26 U.S.C. § 6103(i)(1). But that subsection of the Internal Revenue Code provides no authority for such a disclosure here. We explain:

To start at the beginning, § 6103(a) sets forth the *"General rule"* that

[r]eturns and return information shall be confidential, and except as authorized by this title—(1) no officer or employee of the United States ... shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee. . . .

In our case, the general rule provides that the Internal Revenue Service is forbid-

den to disclose the information named by this Application unless such disclosure is otherwise authorized by the Internal Revenue Code.

As the authorization, the United States points to subsection (i)(1), which allows for "[d]isclosure of returns and return information for use in criminal investigations," and specifically provides that

any return or return information with respect to any specified taxable period or periods shall, pursuant to and upon the grant of an ex parte order by a Federal district court judge or magistrate under subparagraph (B), be open (but only to the extent necessary as provided in such order) to inspection by, or disclosure to, officers and employees of any Federal agency who are personally and directly engaged in—

(i) preparation for any judicial or administrative proceeding pertaining to the enforcement of a specifically designated Federal criminal statute (not involving tax administration) to which the United States or such agency is or may be a party, [or],

(ii) any investigation which may result in such a proceeding, ...

solely for the use of such officers and employees in such preparation [or] investigation.

Once such an application is made, subsection (i)(1)(B) provides that the judge or magistrate

may grant such order if he determines on the basis of the facts submitted by the application that—

(i) there is reasonable cause to believe, based upon information believed to be reliable, that a specific criminal act has been committed,

(ii) there is reasonable cause to believe that the return or return information is or may be relevant to a matter relating to the commission of such act, and

(iii) the return or return information is sought exclusively for use in a Federal criminal investigation or proceeding concerning such act, and the information sought to be disclosed cannot reasonably

be obtained, under the circumstances, from another source.

The United States has attempted to support its Application for this *ex parte* order upon this subsection of § 6103. The Application, for instance, notes that "[t]he information sought to be disclosed cannot reasonably be obtained from any other source and the information sought to be disclosed constitutes relevant evidence of the above-described matter in issue relating to violations of 18 U.S.C. § 881." Moreover, the Application states that an investigation is currently underway concerning the alleged violations of 21 U.S.C. § 881, and that the Government is "preparing the matter for trial. The information sought herein is solely for our use for that purpose. No disclosure shall be made to any other persons" except as allowed by law.

Although the United States attempts to pull this case within the ambit of subsection (i)(1), the fact is that this is simply not "any judicial ... proceeding pertaining to the enforcement of a specifically designated Federal criminal statute," nor is this solely "any investigation which may result in such a proceeding."

Instead, this is simply a *civil* forfeiture action, which are expressly discussed in § 6103(i)(4)(A):

any return or taxpayer return information obtained under paragraph (1) may be disclosed in any judicial or administrative proceeding pertaining to enforcement of a specifically designated Federal criminal statute or related civil forfeiture ... to which the United States or a Federal agency is a party—

(i) if the court finds that such return or taxpayer return information is probative of a matter in issue relevant in establishing the commission of a crime or the guilt or liability of a party, or

(ii) to the extent required by order of the court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure.

Putting subsections (i)(1) and (4) together, it is clear that Congress distinguished between *criminal* investigations or proceedings and *civil* forfeiture actions when

drafting these disclosure provisions. Taken together, the two subsections seem to indicate that a federal agency can obtain access to taxpayer information during the course of a criminal investigation or while preparing for a criminal proceeding, but that in a civil forfeiture proceeding the federal agency can only obtain such information if the information has already been made available during the course of a criminal investigation or proceeding. Significantly, by virtue of subsection (i)(1)(B)(iii), we could only allow this motion in any event if we were first convinced that "the *return or return information is sought exclusively* for use in a Federal criminal investigation or proceeding concerning such act," and here the information will most decidedly *not* be used exclusively for a criminal proceeding, inasmuch as the information is sought in this *civil* case.

We have no doubt that the Government can obtain this information if it is requested in the proper manner. Subsection (i)(1) provides an efficient and simple process for obtaining an order from a court requiring the Internal Revenue Service to divulge such information. But a *civil* forfeiture case is not the correct proceeding in which the information should be sought.

Because the exception of subsection (i)(1) is inapplicable here, the *"General rule"* of § 6103(a) applies, and this information must remain confidential.

We therefore have no power to enter such an order as requested by the Government here, and accordingly its Application is denied.

*Ergo,* the Government's Application for an *ex parte* order to disclose returns and return information is DENIED.